**Adolfo GONZALEZ–CORONA,
Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 00–70552.

INS No. A70–815–459.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 17, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

Adolfo Gonzalez–Corona petitions for review of the final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his application for suspension of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We deny the petition for review.

Gonzalez–Corona contends that § 309(c)(5) of IIRIRA deprives him of due process because it is unconstitutionally vague in its application of the "stop-time rule." We disagree.

In *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), we held that there is "only one reasonable interpretation" of § 309(c)(5)— that it applies to transitional rule aliens such as Gonzalez–Corona. Accordingly, § 309(c)(5) is not unconstitutionally vague.

Gonzalez–Corona further contends that the statute is unconstitutionally vague as applied to individuals convicted of certain crimes. Gonzalez–Corona lacks standing to raise the issue, as the stop-time rule applied to him does not involve the commission of any crime.

Gonzalez–Corona contends that IIRIRA violates due process by failing to directly amend section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1) (repealed 1996). This contention lacks merit because transitional procedures need not be placed in the body of permanent law. See *Id.* at 514 & n. 6.

We do not consider petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

